UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEPHEN FLANAGAN, et al.,

                        Plaintiff(s),        **ORDER**
                                                                           CV 05-0222 (DRH)(WDW)

      -against-

GAZETTEN CONTRACTING, INC.,

                        Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is the determination of default damages to be awarded in this matter. In September 2005, the plaintiffs submitted documents in support of the damages claimed. Among those documents was a "spreadsheet indicating the amount due per Fund with respect to the period between January 2004 and October 2004." 9/22/05 Gryn Letter. If the plaintiffs wants the court to consider the spreadsheet, they must submit additional proof of how the numbers set forth in the spreadsheet were arrived at.

      Federal Rule of Civil Procedure 55 provides that if, "in order to enable the court to enter default judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages," that is, if the amount sought is not a sum certain, "the court may conduct such hearing or order such references as it deems necessary and proper . . ." Fed. R. Civ. P. 55(b)(2). A formal hearing is not necessary, but the District Court must ensure that there is "a basis for the damages specified in the default judgment," and must satisfy itself that the amounts sought are warranted. *Transatlantic Marine Claims Agency, Inc. v. M/V Hyundai Emperor,* 109 F.3d 105, 111 (2d Cir. 1997) (citing *Fustok v. ContilCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)). The court cannot make that determination for the damages set forth in the spreadsheet, and unless the plaintiffs supplement their submission, it will not be considered.

      The support submitted by the plaintiff for the damages sought for the period between

January 2001 and December 2003 appears to be more detailed, but the undersigned takes no position at this time as to whether it is sufficient. The plaintiffs should review their submission to insure that their papers include, *inter alia,*

1. an affidavit from someone with knowledge of the amounts claimed, setting forth exactly how those amounts were calculated and attaching documentary support for the calculations, including the auditor's report, if any, or a statement as to why no auditor's report exists,
2. factual and legal support for entitlement to contributions for the period claimed, including explanation as to whether each defendant was an "employer" within the meaning of ERISA during the entire relevant period,
3. the underlying collective bargaining and/or other agreements at issue, and
4. the required documentation in support of any attorney's fees claimed, including contemporaneous time records.

The plaintiffs must submit any additional documentation, whether in support of the damages sought for the January 2001 to December 2003 period, or the January 2004 to October 2004 period, no later than **January 6, 2006**.

Dated: Central Islip, New York  
December 8, 2005

**SO ORDERED:**

 /s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge