UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHEN FLANAGAN, et al.,

                                                                        **ORDER**
                                                                         05 Civ. 0222 (DRH) (WDW)

                           Plaintiffs,

       -against-


GAZETTEN CONTRACTING, INC., et al.,

                         Defendants.
-----------------------------------------------------------X
**APPEARANCES:**

**WILLIAM T. LaVELLE, P.C.**
Attorney for Plaintiff
57 East Main Street
Patchogue, NY 11772
By: Alicia M. Gryn, Esq.


**HURLEY, District Judge**:

       On February 21, 2006, United States Magistrate Judge William D. Wall, acting pursuant to 28 U.S.C. § 636(b), issued a report and recommendation in the above-captioned case, recommending that Plaintiffs be awarded $15, 840.58 in delinquent contributions for the period January 1, 2001 through December 31, 2003, and $ 1195 in costs and attorneys' fees.  Judge Wall declined to make a finding in support of damages for the period between January 2004 and October 2004 because of the inadequacy of the submissions.  Judge Wall further declined to recommend an award of interest or liquidated damages because of Plaintiffs failure to provide support for an award of 12% interest and liquidated damages in the amount of 12%.

       Plaintiffs submitted to this Court the Affidavit of Christine Pollock, dated March 9, 2006, wherein Plaintiffs request damages from the period of January 2004 to October 2004 in the

amount of $15,380.29, interest in the amount of $507.98, and liquidated damages in the amount of $1,386.94 (according to the 12% figured provided in the submitted Trade Agreements). In support of the damage award, Plaintiffs submitted weekly timesheets from March 22, 2004, through October 4, 2004. (*See* Ex. B.) Plaintiffs further submit a spreadsheet of the total hours worked by union employees. (*See* Ex. C.) The spreadsheet only covers timesheets from June 7, 2004 through June 30, 2004 and August 2, 2004, through October 4, 2004. Though it is clear that the damages request is based upon the spreadsheet, it is not clear why Plaintiffs submitted other timesheets that appear irrelevant, *i.e.*, the March 22, 2004 through June 7, 2004 timesheets. Because of this apparent inconsistency, the Court is unwilling to grant Plaintiffs' request for damages regarding the January 2004 to October 2004 period.

In Judge Wall's Report and Recommendation, he also wrote that Plaintiffs had submitted a request for interest calculated at 12%, but that he was unable to locate the justification for such an interest amount. (*See* R&R at 3.) In an attempt to clarify their position, Plaintiffs directed this Court to the 1999-2002 Trade Agreement, Article Six, Section 8, Paragraph f(B) and the 2002-2005 Trade Agreement, Article Six, Section 6, Paragraph f(B), which both indicate that the interest is determined by 26 U.S.C. § 6621.

Pursuant to § 6621, the interest rate is determined on a quarterly basis. Plaintiffs then submitted an interest table generated by the Internal Revenue Service that indicates the applicable interest rates established pursuant to § 6621. These figures are different than the 12% figure submitted to Judge Wall, and are as follows:

| Time Period | Interest Rate | Benefits Due | Interest Due |
|---|---|---|---|
| 01/01/02-6/30/02 | 6% | $7,048.16 | $1,240.18 |
| 07/01/02-12/31/02 | 6% | $3,463.23 | $522.05 |
| 01/01/03-06/30/03 | 5% | $5,329.19 | $248.20 |
| 06/01/04-6/30/04 | 5% | $2,844.27 | $132.60 |
| 07/01/04-10/04/04 | 4% | $12,536.02 | $375.38 |
| | | Total: | $2,518.41 |

Though Plaintiff has provided citations to the relevant portions of the Trade Agreements and statute, the Court is unwilling to grant the interest request at this time because the affidavits provided in support of their request do not detail how Plaintiffs calculated the interest. Thus, in their further submissions, Plaintiffs must describe and justify their method, *i.e.*, indicate how they calculated the interest (*e.g.*, quarterly or yearly; compounded or not) and provide justification for their election of that method.

As for the liquidated damages, Plaintiffs direct the Court to the 1999-2002 Trade Agreement, Article Six, Section 8, Paragraph f(C)(i) and the 2002-2005 Trade Agreement, Article Six, Section 6, Paragraph f(C)(I), which both provide that liquidated damages be paid at a rate of 12% or the percentage rate prescribed by § 6621, whichever is greater. As 12% is clearly the greater figure, the 12% rate applies to the present claims. The Court does not grant the requested amount at this time, however, because these actual figures may change with the further submissions.

In sum, the Court ADOPTS Judge Wall's Report and Recommendation as if set forth herein, awarding Plaintiffs $15,840.58 in delinquent contributions and $1195 in costs and

attorneys' fees. Plaintiffs are directed to submit to the Court the requested information regarding the calculation of the damages for January 2004 to October 2004, the interest, and liquidated damages by April 20, 2006.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
      March 29, 2006  Denis R. Hurley
                           United States District Judge